UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID D. DELAY,<br><br>　　　　　Defendant. | NO. CR15-175RSL<br><br>ORDER DENYING GOVERNMENT'S MOTION TO RESCIND DELAY'S COMMUNICATIONS PRIVILEGES AND DENYING DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE |

This matter comes before the Court on the government's "Motion to Rescind Delay's Communications Privileges at the FDC," Dkt. # 196, and defendant's "Motion for Order to Show Cause Re: Conditions of Confinement," Dkt. # 207. Citing defendant's continued practice of posting messages related to this case on social media via written communication with his family, the government seeks an order rescinding defendant's "telephone, visiting, and postal mail privileges" for communication with anyone other than his defense team during the remainder of his pretrial detention at the Federal Detention Center ("FDC"). Meanwhile, defendant requests an order preventing FDC staff from confining him in the Special Housing Unit ("SHU"), which he argues is interfering with his ability to contact defense counsel. Having

ORDER DENYING GOVERNMENT'S MOTION
TO RESCIND DELAY'S COMMUNICATIONS
PRIVILEGES AND DENYING DEFENDANT'S
MOTION FOR ORDER TO SHOW CAUSE - 1

considered the parties' briefing and the rest of the record in this case,[1] the Court finds as follows.

This Court has repeatedly ordered defendant not to contact parties or witnesses in this case and not to publish materials deemed "protected" or "sensitive" by the applicable protective order. Dkt. ## 28, 100, 180. The government alleges that defendant has evaded these restrictions by dictating messages to his parents and daughter for posting on a public Facebook page. Some of these messages contain personal information about potential witnesses; another accuses a detective assigned to this case of being a "dirty cop" and makes reference to police shootings. The government asserts that such messages tamper with witnesses and obstruct justice, and argues that the only way to preserve the integrity of defendant's criminal trial is to ban all communication by defendant with anyone other than his defense counsel.

As defendant points out, the First Amendment prevents this Court from issuing the sort of blanket gag order that the government seeks. In *Levine v. United States District Court for the Central District of California*, 764 F.2d 590 (9th Cir. 1985), the Ninth Circuit held that a court order preventing defendant, defense counsel, and their agents from discussing the case with news media constituted a prior restraint triggering strict scrutiny under the First Amendment. *Id*. at 595. Accordingly, such an order is constitutional only if the government establishes that (1) the activity restrained poses either a clear and present danger or a serious and imminent threat to a protected competing interest; (2) the order is narrowly drawn; and (3) less restrictive alternatives are not available. *Id*. The government has not met its burden of showing that a similar restraint on defendant would pass constitutional scrutiny.

The government argues that defendant's communications privileges pose a serious and imminent threat to the integrity of his trial. The Court agrees that witness tampering is a serious

---

[1] Defendant requests oral argument on the government's motion, and an expedited evidentiary hearing regarding his motion for an order to show cause. Dkt. ## 203, 207. The Court concludes that both matters are appropriate for determination without a hearing and denies defendant's requests.

ORDER DENYING GOVERNMENT'S MOTION
TO RESCIND DELAY'S COMMUNICATIONS
PRIVILEGES AND DENYING DEFENDANT'S
MOTION FOR ORDER TO SHOW CAUSE - 2

1  threat to a trial's integrity; nevertheless, rescinding all of defendant's communications privileges
2  is neither narrowly drawn nor the least restrictive method of preventing such tampering. *See*
3  *Levine*, 764 F.2d at 599 (finding overbroad the trial court's order banning all discussion of the
4  case with the media, and requiring the court instead to "fashion an order specifying the
5  proscribed types of statements").  The government's motion must be denied.

6        The Court also denies defendant's motion for an order to show cause regarding his
7  conditions of confinement.  Defendant has failed to exhaust his administrative remedies; his
8  disciplinary record has rendered him ineligible for placement in his previous general unit; and
9  though defendant was released from the SHU on December 16, 2016, he opted to remain there
10 rather than transfer to a new general unit.  Dkt. # 207 at 3–4.  Provided the FDC ensures
11 defendant's access to his defense counsel and to electronic discovery materials by heeding
12 defendant's requests, the Court sees no reason to interfere with the FDC's housing decisions.

13       Defendant is advised that his conduct continues to test the patience of this Court and
14 requires his defense counsel to devote time and resources to motions practice rather than to
15 preparation for his impending trial.

16

17       For all the foregoing reasons, the government's motion to rescind defendant's
18 communications privileges (Dkt. # 196) is DENIED.  Defendant's motion for an order to show
19 cause (Dkt. # 207) is DENIED.

20

21       DATED this 19th day of January, 2017.

22

23                               /s/ Robert S. Lasnik
24                           Robert S. Lasnik
                          United States District Judge
25

26 ORDER DENYING GOVERNMENT'S MOTION
27 TO RESCIND DELAY'S COMMUNICATIONS
   PRIVILEGES AND DENYING DEFENDANT'S
28 MOTION FOR ORDER TO SHOW CAUSE - 3