UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID D. DELAY,<br><br>　　　　　Defendant. | NO. CR15-175RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SEVER COUNT 15 OF THE FOURTH SUPERSEDING INDICTMENT |

　　　This matter comes before the Court on defendant's "Motion to Sever Count 15 of Fourth Superseding Indictment." Dkt. # 263. Defendant argues that Count 15 should be severed pursuant to Fed. R. Crim. P. 14 because it is both prejudicial and factually distinct from the other counts. The government opposes defendant's motion to sever, arguing that Count 15 is based upon a common scheme and is of the same character as the other sixteen counts in the Fourth Superseding Indictment. Dkt. # 280. Having considered the memoranda submitted by the parties and the remainder of the record, the Court GRANTS defendant's motion for the reasons that follow.

　　　Fed. R. Crim. P. 8(a) provides that an indictment may charge a defendant in separate counts with two or more offenses if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 14(a) provides that if the joinder of offenses in an indictment

ORDER GRANTING DEFENDANT'S
MOTION TO SEVER COUNT 15 - 1

1  appears to prejudice a defendant, the court may order separate trials of counts, or provide any
2  other relief that justice requires.

3        Even assuming that joinder of Count 15 would, given the extent of evidentiary overlap
4  between that count and the sixteen others, promote the efficient administration of the courts, see
5  United States v. Jawara, 474 F.3d 565, 578 (9th Cir. 1986), the Court concludes that Count 15 is
6  unrelated and prejudicial enough that it should be severed and tried separately.  Count 15 of the
7  Fourth Superseding Indictment charges defendant with distribution of child pornography in
8  violation of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(b)(1).  Dkt. # 155 at 8.  This charge is
9  grounded on allegations that, in 2009, defendant sent text messages containing child
10 pornography to witness M.R.  That witness contacted the Redmond Police Department, which
11 referred the case to the Edmonds Police Department, which in turn dropped the investigation.  In
12 2015, while investigating this case, the Redmond Police Department seized defendant's laptop
13 and found photographs similar to the ones allegedly sent to M.R.  Upon further investigation of
14 the photographs, a detective learned that a woman had been taking sexually explicit photographs
15 of her minor daughter and allegedly sending them to defendant.  That woman was eventually
16 prosecuted for production of child pornography.

17       All other counts in the Fourth Superseding Indictment are grounded on alleged conduct
18 that occurred in 2012 or later, with several counts grounded on conduct from February or April
19 2014.  But for Count 15, all counts relate to defendant's alleged scheme of coercing victims to
20 become prostitutes by pretending to be a documentary film producer.  It is true that Count 16
21 charges defendant with the production of child pornography, but this charge arises from the
22 same *modus operandi* that forms the basis for the charges of trafficking adult women – namely,
23 the alleged documentary film scheme.  Though the seizure of defendant's laptop creates
24 evidentiary overlap between Count 15 and the counts related to the documentary film scheme,
25 the Court concludes that Count 15 and the other sixteen counts do not "grow out of related
26 transactions."  Jawara, 474 F.3d at 574.

27

28 ORDER GRANTING DEFENDANT'S
MOTION TO SEVER COUNT 15 - 2

The government argues that even if the distribution of child pornography charged in Count 15 was not part of the same scheme as the other counts, Count 15 was properly joined as a charge "of a similar character." Specifically, the government argues that because defendant allegedly sent M.R. child pornography in the course of pressuring her to engage in prostitution, Count 15 is of the "same character" as the counts arising from defendant's alleged trafficking of other women through the documentary film scheme. The Court concludes that the government has construed the "character" of the other counts too broadly. The "same or similar character" prong of Rule 8(a) is "the most amorphous and controversial of the three grounds for joinder." Jawara, 474 F.3d at 575. But a "vague thematic connection" is not enough to justify joinder. Id. at 579. Particularly given the lack of temporal proximity or common events, the Court concludes that Count 15 is linked to the other counts only by the "thematic connection" of pornography and sexual coercion rather than by a factual nexus justifying joinder.

Finally, the government argues that even if Count 15 is severed, evidence related to Count 15 will be admissible under Fed. R. Evid. 404(b) as evidence that defendant had an "interest and involvement in producing and distributing child pornography" and a "sexual interest in children." Of the other counts, only Counts 2 and 16 relate to child pornography or defendant's alleged sexual interest in children. Those counts are grounded on allegations that defendant encouraged a teenage minor to engage in prostitution and to send sexually explicit photographs of herself as part of the fraudulent documentary scheme. Dkt. # 280 at 13. By contrast, the distribution of child pornography charged in Count 15 relates to sexually explicit photographs of a ten-year-old minor produced by a third party and sent to defendant, then allegedly sent by defendant to M.R. Dkt. # 280 at 2–5. The Court reserves until the motion in limine stage any ruling on the question whether evidence related to the allegations underlying Count 15 – potentially prejudicial as they are – would be admissible to show motive, intent, or common scheme. See United States v. Kaplan, 895 F.2d 618, 621 (9th Cir. 1990). Under the circumstances of this case, however, the admission of such prejudicial evidence is unlikely.

ORDER GRANTING DEFENDANT'S
MOTION TO SEVER COUNT 15 - 3

Given the "emotionally charged" nature of child pornography charges in general, see United States v. Smith, 795 F.2d 841, 850 (9th Cir. 1986), and the inflammatory allegations underlying Count 15 in particular, the Court concludes that Count 15 must be severed and tried separately pursuant to Fed. R. Crim. P. 14(a) to avoid the risk that defendant will be prejudiced. See United States v. Lewis, 787 F.2d 1318, 1322 (9th Cir. 1986) ("[T]here is a high risk of undue prejudice whenever . . . joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." (quoting United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985))).

For all the foregoing reasons, defendant's motion to sever Count 15 (Dkt. # 263) is GRANTED.

DATED this 10th day of April, 2017.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION TO SEVER COUNT 15 - 4