UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID D. DELAY,<br><br>Defendant. | NO. CR15-175RSL<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 17 OF THE FOURTH SUPERSEDING INDICTMENT |

This matter comes before the Court on defendant's "Motion to Dismiss Count 17 of Fourth Superseding Indictment." Dkt. # 262. Defendant argues that Count 17 fails to charge him with adequate specificity and asks the Court to dismiss the count. Having considered the memoranda submitted by the parties and the remainder of the record, the Court finds as follows.

An indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. Hamling v. United States, 418 U.S. 87, 117 (1974). The indictment must be sufficiently specific to ensure that the defendant is prosecuted only on the basis of facts found by the grand jury which indicted him. Russell v. United States, 369 U.S. 749, 770 (1962).

Count 17 of the Fourth Superseding Indictment charges defendant with obstruction and interference with the enforcement of 18 U.S.C. § 1591(a), in violation of 18 U.S.C. § 1591(d).

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS COUNT 17 - 1

Dkt. # 155 at 9. In support of this charge, the indictment alleges that

> Beginning in April 2015, and continuing until the present, in King County, within the Western District of Washington, and elsewhere, DAVID D. DELAY did knowingly and intentionally obstruct, and did attempt to do so, and did knowingly and intentionally interfere with and prevent the enforcement of Title 18, United States Code, Section 1591(a), specifically as to Counts One, Two, Three, Four, and Five.

Dkt. # 155 at 9. Count One alleges that defendant conspired with others to engage in sex trafficking by force, fraud, and coercion, and Counts Two through Five charge defendant with sex trafficking or attempted sex trafficking by force, fraud, and coercion of victims identified as H.N., S.W., T.G., and M.K. Dkt. # 155 at 1–3. Defendant previously moved for a bill of particulars to clarify what the government meant by conduct constituting "obstruction" and "interference." Dkt. # 164. The Court denied that motion, concluding that the extensive discovery exchanged in this case sufficiently apprised defendant of the allegations against him. Dkt. # 192. In this motion to dismiss, defendant renews his argument that the indictment fails to apprise him of the facts underlying Count 17.

      The Court concludes that Count 17 is not so vague that dismissal is warranted. Defendant concedes that the government has provided the defense with a copy of grand jury testimony relating to Count 17, in which Detective Natalie D'Amico described several acts that "could ostensibly constitute the basis of the charge." Dkt. # 262. Thus, the prosecutor and this Court need not "make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment." Russell, 369 U.S. at 760. Defendant also argues that Count 17 does not specify which of the five counts of violating 18 U.S.C. § 1591 form the basis of the enforcement he is charged with obstructing. But the indictment specifically charges defendant with obstructing the enforcement of the statute as to all five counts. Dkt. # 155 at 9. The indictment's descriptions of the allegations underlying those five counts shed further light on the factual allegations underlying Count 17 by linking each substantive count to a particular victim.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS COUNT 17 - 2

1  Defendant cannot say that he is entirely unaware of what he is alleged to have done, to whom,
2  where or when.  (Indeed, in another filing before this Court, defendant characterizes Count 17 as
3  "an allegation that Mr. Delay interfered with the enforcement of the sex trafficking counts by
4  attempting to persuade a material witness to recant."  Dkt. # 263 at 2.)

5  Still, the Court notes that, given the volume of discovery exchanged in this case,
6  increased clarity as to the factual issues underlying each charge will aid the parties' preparation
7  for trial and streamline the presentation of evidence at trial itself.  To the extent the government
8  can now – as trial approaches – identify more precisely the obstructive conduct giving rise to
9  Count 17, it should do so for the benefit of both parties, the Court, and the future jury.  The
10 government is hereby ORDERED to disclose to the defense by May 15, 2017, which facts it
11 intends to present as grounds for Count 17 during its opening statement at trial.

13 For all the foregoing reasons, defendant's motion to dismiss Count 17 (Dkt. # 262) is
14 DENIED.

16 DATED this 10th day of April, 2017.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS COUNT 17 - 3