UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID D. DELAY,<br><br>        Defendant. | NO. CR15-175RSL<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on defendant's "Motion to Dismiss for Destruction of Evidence and Government Misconduct." Dkt. # 224. Having reviewed the parties' memoranda and having heard argument on the motion, the Court finds as follows.

Based on forensic software analyst Robert Young's conclusion that a laptop seized by the government had been "wiped" of data, Dkt. # 226-1 at 58, defendant alleges that either the Redmond Police Department or the Federal Bureau of Investigation may have deliberately mishandled or destroyed evidence. Defendant also alleges that the government covered up sexual misconduct by one of its witnesses, first by failing to preserve evidence of that alleged misconduct collected from a cell phone during an unrelated investigation in 2009, then by presenting untruthful testimony to the grand jury in this case. Defendant asks the Court to dismiss the government's case against him as a remedy for this alleged misconduct.

The government responds that the laptop was not wiped by the government, but rather encrypted before it entered the government's possession. Dkt. # 229; Dkt. # 229-4, ¶ 6. The

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS - 1

government has since accessed the encrypted portion of the laptop using the password provided by the laptop's owner, and has created a forensically duplicate copy of the decrypted laptop contents, which was apparently made available to Mr. Young at the FBI's Nakamura laboratory. Dkt. # 229 at 7. The government refutes defendant's other allegations of misconduct with various declarations and exhibits. In reply, defendant appears to abandon his original arguments about the government's alleged misconduct and instead contends that the government should have mentioned its successful decryption sooner. Dkt. # 261 at 3.

The Court concludes that defendant has not met his burden of demonstrating that contested issues of fact exist warranting an evidentiary hearing. See United States v. Howell, 231 F.3d 615, 620 (9th Cir. 2000). Certainly defendant has not shown persuasive evidence of other government misconduct warranting dismissal of the government's case.

As to the cell phone, defendant argues that the Redmond Police Department failed to make a complete copy of the contents of that phone – contents that, defendant argues, might have proven exculpatory. The government responds that it has provided a copy of the cell phone's contents to the defense in discovery, and that cell phone material covered by the Adam Walsh Act has been made available for the defense to view at the U.S. Attorney's Office. Dkt. # 229 at 8–9, 16–17. In reply, defendant acknowledges that his counsel has already viewed that discovery material, but speculates that "there likely would have been" additional content on the cell phone and that the absence of this additional content demonstrates misconduct by the Redmond Police Department. Dkt. # 261 at 3–4. Such speculation does not constitute evidence of government misconduct. In any event, the Court has granted defendant's motion to sever Count 15 – the only count relating to the cell phone's contents – and so the defense no longer need rush to secure a forensic analysis of the cell phone before defendant's trial on the remaining sixteen counts (now set for May 22, 2017).

As to the allegedly false grand jury testimony, defendant argues that Detective D'Amico testified that she was not aware of any evidence corroborating defendant's claims of sexual

1  misconduct by a government witness, when in fact she was aware of such evidence. The
2  government responds that Detective D'Amico truthfully testified that she was aware of no
3  corroborating evidence, because her investigation of the claimed sexual misconduct had led her
4  to conclude that those allegations were baseless. Dkt. # 229 at 17–18. The Court concludes that
5  even if Detective D'Amico's grand jury response was underinclusive, it was not material to
6  defendant's indictment – indeed, defendant admits that "[i]t may be that Defendant D'Amico's
7  false testimony was not material to the indictment." Dkt. # 224 at 13. See United States v.
8  Spillone, 879 F.2d 514, 524 (9th Cir. 1989) (finding that erroneous grand jury testimony of
9  government agents "was not sufficiently material to justify holding that it substantially
10  influenced the grand jury's decision to indict"). The Court finds no government misconduct
11  warranting dismissal.

13  For all the foregoing reasons, defendant's motion to dismiss (Dkt. # 224) is DENIED.

15  DATED this 10th day of April, 2017.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS - 3