UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID D. DELAY,

    Defendant.

Case No. CR15-175RSL

ORDER REGARDING
VARIOUS DEFENSE
MOTIONS

This matter comes before the Court on three motions by defendant: "Motion to Sever Count Eighteen of Fifth Superseding Indictment," Dkt. # 369; "Motion for Bill of Particulars as to Count Eight," Dkt. # 370; and "Motion to Sever Counts 15 and 16 of Fifth Superseding Indictment," Dkt. # 379. For the reasons articulated below, defendant's motion to sever Count 18, Dkt. # 369, is GRANTED, and defendant's remaining two motions, Dkt. ## 370, 379, are DENIED.

## I.     BACKGROUND

The government's Fifth Superseding Indictment charges defendant with eighteen counts related to sex trafficking and production of child pornography. Dkt. # 352. Those counts include one count of conspiracy to transport females for prostitution (Count 8), which alleges defendant enlisted women to work for him as prostitutes by falsely claiming he was producing an HBO documentary about prostitution. The alleged overt acts in furtherance of that conspiracy include

four counts that involve two particular juvenile victims. Counts 2 and 3 charge defendant with attempted sex trafficking of those juvenile victims based on his alleged attempts to recruit them into the prostitution-documentary scheme. Counts 15 and 16 charge defendant with production of child pornography (hereinafter "the production counts") for allegedly inducing each of the juvenile victims to appear in visual depictions of sexually explicit conduct. Finally, the Fifth Superseding Indictment also includes one count of child pornography distribution listed as Count 18 (the "distribution count"). Count 18 involves a third juvenile victim and is not charged as an overt act in furtherance of the alleged conspiracy. The child pornography distribution count also appeared in the Fourth Superseding Indictment. See Dkt. # 155 at 8. In a previous order, the Court granted a motion by defendant to sever that count. Dkt. # 297.

In the motions before the Court, defendant moves to sever Count 18 based on the Court's previous order. Dkt. # 369. He also moves to sever Counts 15 and 16, the child pornography production counts. Dkt. # 379. Finally, he moves for a bill of particulars detailing uncharged acts and unnamed victims the government will introduce as proof of the conspiracy, and detailing the conspiracy's relation to Counts 15 and 16 as alleged overt acts. Dkt. # 370.

## II. DISCUSSION

### A. Motions to Sever

Federal Criminal Rule 8(a) provides that an indictment may charge a defendant in separate counts with two or more offenses if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); see United States v. Jawara, 474 F.3d 565, 572 (9th Cir. 2007) (discussing Rule 8(a) factors). Rule 14(a) empowers the court to order separate trials or provide any other relief justice requires if a defendant faces apparent prejudice from an indictment's joinder of offenses. Fed. R. Crim. P. 14(a).

As noted, Count 18's child pornography distribution charge mirrors Count 15 from the Fourth Superseding Indictment, see Dkt. # 155 at 8, which the Court previously severed, Dkt. # 297. The government recognizes the legal effect of the Court's previous ruling severing that

count and acknowledges the distribution count should likewise be severed in from the Fifth Superseding Indictment. Dkt. # 380. For that reason and the reasons explained in the Court's previous ruling, defendant's motion to sever Count 18 is granted.

Unlike the distribution count, the child pornography production counts (Counts 15 and 16) are sufficiently related to the scheme and *modus operandi* pervading the other charges that they should not be severed. The victims of the production counts are also listed as victims in the attempted sex trafficking counts that allege defendant tried to recruit those victims into the prostitution-documentary scheme. The government also alleges defendant used explicit images and videos he possessed to manipulate and control his victims. See Dkt. # 384 at 2. Indeed, when the Court granted defendant's motion to sever the distribution count, it contrasted that count with one of the production counts in the Fourth Superseding Indictment. The Court explained the production count "arises from the same *modus operandi* that forms the basis for the charges of trafficking adult women—namely, the alleged documentary film scheme." Dkt. # 297 at 2. Furthermore, insofar as defendant may suffer potential prejudice from the joinder of the child pornography production charges, the Court concludes it can adequately address that potential prejudice with appropriate limiting instructions. See Zafiro v. United States, 506 U.S. 534, 539 (1993) (explaining that "limiting instructions, often will suffice to cure any risk of prejudice" contemplated by Rule 14). Defendant's motion to sever Counts 15 and 16 is accordingly denied.

**B.    Motion for Bill of Particulars**

A bill of particulars is appropriate if the indictment and other disclosures do not provide enough information for a defendant to prepare an adequate defense and to avoid prejudicial surprise at trial. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979). A bill of particulars is not necessary, however, if a defendants can obtain the necessary information from the indictment, government disclosures, and discovery. United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983).

The Fifth Superseding Indictment identifies the place, approximate time, and alleged co-conspirators involved in the charged conspiracy and underlying overt acts. It also provides the redacted names of those acts' alleged victims. Over the course of the case, the government has made extensive discovery disclosures, including more than 24,000 pages of documents, digital information from electronic communications and seized devices, transcripts of the witnesses who testified before the grand jury, and copies of the statements witnesses have given to law enforcement. Defendant observes a conspiracy case often involves extensive and wide-ranging proof, but the volume of discovery here matches the extent of the conspiracy and the information defendant is entitled to have. Cf. Giese, 597 F.3d at 1180 ("[T]there is no requirement in conspiracy cases that the government disclose even all the overt acts in furtherance of the conspiracy."). The Fifth Superseding Indictment and extensive discovery provide defendant with enough information to adequately prepare for trial.

Defendant also seeks information regarding and the relationship between the conspiracy charge and the child pornography production counts (Counts 15 and 16), which the Fifth Superseding Indictment lists as overt acts in furtherance of the conspiracy. Dkt. # 352 at 8. In its response, the government explains that the Fifth Superseding Indictment's mistakenly lists Counts 15 and 16 as overt acts—a mistake the government intends to bring before the grand jury and remedy. Dkt. # 381 at 2. That change would obviate any need for information the defendant seeks. Though the Court denies defendant's motion for a bill of particulars, he will have an opportunity to reassert his request if he is not satisfied with the government's promised change.

### III. CONCLUSION

For the foregoing reasons, Defendant's "Motion to Sever Count Eighteen of the Fifth Superseding Indictment," Dkt. # 369, is GRANTED; Defendant's "Motion for Bill of Particulars as to Count Eight," Dkt. # 370, is DENIED; and Defendant's "Motion to Sever Counts 15 and 16 of Fifth Superseding Indictment," Dkt. # 379, is DENIED.

1   DATED this 11th day of September 2017.

                                    _____
                                    Robert S. Lasnik
                                    United States District Judge