UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>DAVID D. DELAY,<br><br>                Defendant. | Case No. CR15-175RSL<br><br>ORDER DENYING MOTION FOR ISSUANCE OF DOCUMENTS SUBPOENA |

This matter comes before the Court on defendant's "Motion for Issuance of Documents Subpoena." Dkt. # 376. The government opposes defendant's motion on several grounds. For the reasons explained below, defendant's motion is DENIED.

Defendant David Delay faces federal sex-trafficking and child-pornography charges that include an alleged victim he apparently met through the social media website Tagged.com. In the motion before the Court, he seeks a subpoena issued to the website's parent company for production of all records and documents related to Tagged.com accounts associated with that victim's email addresses. Defendant previously moved the Court for similar subpoenas involving Tagged.com records. Among other things, the previous motion sought to subpoena records related to the accounts of both defendant and the alleged victim. The Court granted defendant's motion with regard to his own account, but denied the motion with regard to the victim's accounts because defendant failed to notify the victim that her personal or confidential information could be produced by a potential subpoena served on a third party. See Fed. R.

Crim. P. 17(c)(3). Defendant moves again for a subpoena to obtain records associated with the victim's accounts. Defendant lacks the victim's contact information, and he also seeks an order directing the government to notify the victim of this motion in order to comply with the relevant notice requirements.

Issuance of subpoenas in a criminal proceeding is governed by Federal Rule of Criminal Procedure 17. Rule 17(c)(1) provides for the issuance of a subpoena for pretrial production of documents, but "a Rule 17(c) subpoena is not intended to serve as a discovery tool." United States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981) (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)). The burden is on the party seeking production to show the relevance, admissibility, and specificity of the items sought, see United States v. Reed, 726 F.2d 570, 577 (9th Cir. 1984), and conclusory allegations of relevance and admissibility are insufficient to meet the moving party's burden, United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981). To meet that burden, defendant must demonstrate that (1) the documents sought are evidentiary and relevant; (2) the documents are not otherwise procurable reasonably in advance of trial through due diligence; (3) defendant is unable to properly prepare for trial without such production and inspection prior to trial and the failure to obtain such inspection may tend to unreasonably delay the trial; and (4) the application is made in good faith and not as a "fishing expedition." United States v. Nixon, 418 U.S. 683, 699–700 (1974).

Defendant has not met his burden of showing that the records or documents in his extensive request are relevant and admissible, or that he cannot otherwise procure whatever relevant and admissible evidence may fall within his request. Defendant seeks "[a]ll records and documents pertaining to the Tagged accounts" associated with three of the alleged victim's email addresses, "including but not limited to all chat records and profiles of other . . . membest [sic] that the account holder may have chatted with." Dkt. # 376-3. Defendant claims the records sought "are statements of likely witnesses and may provide impeachment material." Dkt. # 376 at 3. He also submits that the records may undermine allegations that the victim "informed the Defendant that she was less than 18 years of age." Id.

| | |
|---|---|
| 1 | Nothing before the Court suggests the entirety of the alleged victim's communications |
| 2 | and other private information on Tagged.com concern the defendant or the facts underlying this |
| 3 | case. Defendant's broad request is overinclusive, and it likely sweeps in a great deal of |
| 4 | irrelevant or inadmissible information. Other than "mere conclusory statements," see Eden, 659 |
| 5 | F.2d at 1381, defendant has not adequately shown the relevance and admissibility of the items |
| 6 | sought. Nor has he shown he cannot otherwise procure what relevant documents may fall within |
| 7 | his broad request. The records in his request that are most likely to be relevant in the ways |
| 8 | defendant claims are the victim's communications with the defendant himself, and those records |
| 9 | are either already in defendant's possession or are otherwise reasonably procurable. The Court |
| 10 | therefore finds that defendant has not met his burden of justifying issuance of a subpoena under |
| 11 | Rule 17.[1] |

For the foregoing reasons, defendant's motion is DENIED.

DATED this 2nd day of October, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] In its response, the government includes an argument that disclosure of the records defendant seeks would cause Tagged.com's parent company to violate the Stored Communications Act ("SCA"), 18 U.S.C. § 2702(a)(1). Dkt. # 383 at 6. Defendant contends the government lacks standing to challenge a subpoena request of this nature. Dkt. # 376 at 5. Because the Court concludes defendant has not made the threshold showing for issuing a pretrial subpoena for documents under Rule 17, the Court need not reach those questions.