1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                       WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE
9
10
    UNITED STATES OF AMERICA,                    Case No. CR15-175RSL
11
                        Plaintiff,
12                                               ORDER DENYING MOTION
                        v.                       FOR RETURN OF SEIZED
13                                               PROPERTY
    DAVID D. DELAY,
14
                        Defendant.
15

16
        This matter comes before the Court on defendant's "Motion for Return of Seized
17
    Property." Dkt. # 408. For the reasons explained below, the motion is DENIED without
18
    prejudice.
19
        Defendant David Delay faces federal sex-trafficking and child-pornography charges
20
    based, in part, on allegations he used text messaging, email, and website postings to recruit
21
    women and girls as prostitutes and to facilitate their prostitution. His charges also allege he used
22
    those same means to solicit and transmit child pornography. As part of the investigation, law
23
    enforcement seized several electronic devices, including two iPhones that are the subject of this
24
    motion. In June 2015, federal investigators obtained a warrant to search the phones, but until
25
    recently could not bypass the phones' password locks. The FBI recently accessed one phone, but
26
    the other remains locked. Delay filed the instant motion pursuant to Federal Rule of Criminal
27
28

1 | Procedure 41(g), arguing the government should return the phones. The government opposes

2 | Delay's motion and submits the phones still have significant evidentiary value.

3 |       Rule 41(g), which covers motions to return seized property, provides "[a] person

4 | aggrieved by . . . the deprivation of property may move for the property's return." Fed. R. Crim.

5 | P. 41(g). Ordinarily, those requests come after trial has concluded and the property no longer has

6 | evidentiary value. See United States v. Van Cauwenberghe, 934 F.2d 1048, 1060–61 (9th Cir.

7 | 1991) ("Ordinarily, property seized for purposes of a trial . . . is to be returned to the defendant

8 | at the end of the trial."). Even after trial, a Rule 41(g) motion will be denied if the government

9 | can show a "legitimate reason for retaining the property that is reasonable under all the

10 | circumstances." United States v. Gladding, 775 F.3d 1149, 1152 (9th Cir. 2014) (citation and

11 | alterations omitted). Among the legitimate reasons for the government to retain property is that

12 | the "need for the property as evidence continues." Van Cauwenberghe, 934 F.2d at 1061.

13 |       Here, the government offers a legitimate reason for retaining the iPhones, specifically

14 | that their evidentiary need continues. The warrant issued to search the phones reflects a

15 | conclusion there is probable cause a search will uncover contraband or evidence of a crime. See

16 | Fed. R. Crim. P. 41(c)–(d). Additionally, text messaging, email, and other communications

17 | stored on a smartphone are integral to the alleged conduct underlying Delay's charges. The

18 | government adequately shows an ongoing evidentiary need for his phones. See Van

19 | Cauwenberghe, 934 F.2d at 1061.

20 |       For the foregoing reasons, the Court DENIES defendant's motion without prejudice. He

21 | will accordingly have the opportunity to move for the phones' return after trial concludes and if

22 | there is no forfeiture proceeding pursued by the government.

23 |

24 |       DATED this 2nd day of October, 2017.

25 |

26 |

27 |                    Robert S. Lasnik

28 |                    United States District Judge

ORDER DENYING MOTION FOR RETURN
OF SEIZED PROPERTY - 2