UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID D. DELAY, <br><br> Defendant. | Case No. CR15-175RSL <br><br> ORDER DENYING <br> MOTION TO DISMISS |

This matter comes before the Court on defendant's "Motion to Dismiss for Government Misconduct." Dkt. # 412. For the reasons explained below, the motion is DENIED.[1]

Defendant David Delay faces an upcoming trial for charges of sex trafficking and child pornography. He alleges a range of government misconduct and moves the Court to dismiss the charges against him in their entirety. A criminal case may be dismissed in the rare circumstances that "government conduct is so outrageous that it violates due process." United States v. Wiley, 794 F.2d 514, 515 (9th Cir. 1986) (citing United States v. Bogart, 783 F.2d 1428, 1433 (9th Cir. 1986)); see United States v. Russell, 411 U.S. 423, 431–32 (1973) ("[W]e may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that

---

[1] The Court finds that this matter can be decided on the papers submitted. Defendant's request for oral argument is therefore DENIED.

ORDER DENYING MOTION TO DISMISS - 1

due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction . . . .").

First, Delay submits that the government's analysis of certain seized computers and electronic devices was either inaccurate or unreasonably slow, and that those alleged missteps and resultant delays compel dismissal under the Sixth Amendment's speedy trial clause. See U.S. Const. amend. VI. The Court finds no speedy trial violation because defendant has shown no prejudice attributable to those delays, see Barker v. Wingo, 407 U.S. 514, 530 (1972), regardless of whether they were unreasonable.

Delay's next argument rests on alleged interactions between witnesses and law enforcement. A portion of this argument asserts that certain investigators advised government witnesses they were not required to speak with defense counsel. That is not grounds for a cognizable due process claim. United States v. Black, 767 F.2d 1334, 1338 (9th Cir. 1985) ("[The government] informing . . . witness[es] that [they] may decline [an] interview [with the defense] is not improper."). Another portion of this argument claims law enforcement failed to investigate individuals who may have committed separate crimes related to the acts underlying Delay's charges. Delay does not claim these individuals committed the crimes he is charged with, and cites no legal basis, nor is Court aware of any, why a decision of that nature would prejudice him. A third portion of this argument alleges law enforcement coached and intimidated witnesses, but the facts Delay recites do not plausibly describe government misconduct.

Finally, Delay asserts the government has pushed a "Persistent False Narrative." This assertion appears to concern Delay's detention review hearing and the government's motion for appropriate relief that alleged Delay contacted victims and witnesses in violation of the Court's order. Nothing in the government's filings or advocacy before the Court has amounted to misconduct, much less conduct so outrageous that it undermines defendant's right to due process or the fairness of his trial.

For the foregoing reasons, defendant's motion is DENIED.

DATED this 2nd day of October, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge