1
2
3
4
5
6
7            UNITED STATES DISTRICT COURT
8          WESTERN DISTRICT OF WASHINGTON
                     AT SEATTLE
9
10
11   UNITED STATES OF AMERICA,                Case No. CR15-175RSL
12                  Plaintiff,
                                              ORDER ON MOTIONS *IN*
13            v.                              *LIMINE*
14   DAVID D. DELAY,
15                  Defendant.
16
17       This matter comes before the Court on various evidentiary motions by both parties. The

18   government's relevant motions are: "Motion to Exclude Evidence of Victims' Other Sexual

19   Behavior and Sexual Predisposition," Dkt. # 398; "Motion *In Limine* to Preclude Introduction of

20   Irrelevant Information," Dkt. # 421; and "Motion to Exclude Unsubstantiated and Irrelevant

21   Allegations of Sexual Misconduct," Dkt. # 431.

22       Defendant's relevant motions are: "Defendant's FER 412 Motion," Dkt. # 442; "Motion

23   In Limine to Exclude Testimony from S.R.," Dkt. # 454; and "Motion In Limine to Exclude

24   Testimony about Certain Sexual Conduct," Dkt. # 455.

25       Having reviewed the filings submitted by the parties, the Court finds as follows.

26                        **I.      BACKGROUND**

27       Defendant David Delay is in trial on charges of sex trafficking and child pornography.

28   Some of the government's witnesses, including some alleged victims, have criminal histories

and other past difficulties that the government anticipates the defense might introduce as evidence or raise as impeachment material on cross-examination. To that end, the government filed several motions seeking to preclude that evidence. The defense also anticipates the government will introduce evidence involving Delay's sex life or other behavior, which the defense seeks to exclude.

The parties agree on the admissibility of several pieces of evidence, but some disagreements remain. First, the parties disagree over whether the defense may cross-examine two alleged victims, S.W. and J.S., about various convictions and past difficulties as evidence of those witnesses' truthfulness, bias, or capacity to recall relevant events. Second, the parties disagree over whether the defense may inquire into certain aspects of the sexual behavior of M.K., a named victim. Third, the parties disagree over the admissibility of testimony from S.R., who is a witness but not a named victim. Fourth, the parties disagree whether the government may introduce evidence of Delay's sexual encounters with H.N., a named victim. Finally, though not squarely addressed in Delay's filings, the government's motions also cover the admissibility of the alleged victims' past involvement with prostitution.

## II.    DISCUSSION

### A.    Witness Credibility Evidence

The defense seeks to cross-examine S.W. and J.S., two witnesses who are also named victims, regarding convictions and other difficulties in their pasts. In particular, the defense seeks to cross-examine S.W., who is now an adult, about multiple convictions and probation violations that occurred when she was a juvenile. For J.S., the defense seeks to cross-examine her about previous arrests in which she admittedly lied to police officers, and about a dependency petition by state authorities to determine whether J.S.'s daughter should be removed from her custody.

Under Federal Evidence Rule 608, extrinsic evidence of specific conduct is inadmissible to prove a witness's character for truthfulness or untruthfulness, but the court may allow inquiry

into those specific instances on cross-examination if the instances are probative of the witness's truthful or untruthful character. Fed. R. Evid. 608(b).

For past criminal convictions, Rule 609 provides that evidence of a conviction is admissible to prove a witness's character for truthfulness or untruthfulness if the conviction is either for a felony or for a crime that involves "a dishonest act or false statement." Fed. R. Evid. 609(a)(1), (2). The latter category "means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." United States v. Brackeen, 969 F.2d 827, 830 (9th Cir. 1992) (quoting Fed. R. Evid. 609 advisory committee's note). Additionally, if the conviction stemmed from a juvenile adjudication, it is only admissible if, among other things, "admitting the evidence [of the conviction] is necessary to fairly determine guilt or innocence." Fed. R. Evid 609(d)(4).

### 1. S.W.

The defense seeks to cross-examine S.W. on her probation violations, and on juvenile convictions for forging a driver's license, drug possession, and grand theft. S.W. was arrested several times for violating a term or condition of probation. The defense asserts that those violations go to S.W.'s credibility, because she presumably made in-court promises to abide by the probation conditions she later violated and "[s]omeone who continuously breaks trust with the court in regard to probation is unlikely to have much regard for the oath to tell the truth." Dkt. # 439 at 8. Offenders on probation may violate its terms for any number of reasons, including substance abuse, personal weakness, or plain bad judgment, but breaking a promise is different from telling a lie. The Court finds S.W.'s probation violations are not probative of her character for truthfulness. The defense will therefore be precluded from inquiring into those violations.

The other items from S.W.'s past are juvenile convictions for (1) forging or counterfeiting a driver's license or identification card, (2) possessing a controlled substance, and (3) grand theft from a person. All three are juvenile convictions, so evidence of the convictions

must be "necessary to fairly determine guilt or innocence," Fed. R. Evid. 609(d)(4), in addition to being otherwise admissible under Rule 609. Regardless of whether the convictions would be otherwise admissible as felonies or crimes involving falsehood, all three convictions are at most ancillary to this case's operative issues and are accordingly not "necessary to fairly determin[ing] guilt or innocence." See id. The defense will therefore be precluded from inquiring about S.W.'s juvenile convictions.

### 2. J.S.

As noted, the defense also seeks to inquire about arrests in which J.S. admittedly lied to police officers, and about a state dependency petition to determine whether J.S.'s daughter should be placed in state custody. Regarding J.S.'s arrests, she was arrested under circumstances that differ markedly from giving sworn testimony in court, and the Court finds her actions during those arrests have little or no probative value for whether she will be truthful or untruthful in these proceedings. The defense will therefore be precluded from inquiring about J.S.'s arrests.

Regarding J.S.'s dependency petition, the defense asserts that substance abuse and mental health issues underlying the petition are relevant to J.S.'s capacity to recall events relevant to this case. The defense also asserts she may be cooperating in this case in exchange for assistance in her dependency proceeding. The government represents that those proceedings have concluded and that there has not been any assistance, nor have there been promises of future assistance, from federal authorities in that state matter. At this time, the Court finds that J.S.'s dependency petition bears little or no probative value to the credibility of her testimony. The defense will therefore be precluded from inquiring about J.S.'s dependency petition, subject to any indications at trial that she cannot recall events at issue in this case.

### B. M.K.'s Past Sexual Behavior

The defense also seeks to introduce evidence that involves other sexual relationships of M.K., one of the indictment's named victims. First, the defense seeks to introduce evidence that M.K. had a sexual relationship with S.H., an otherwise unrelated third party, in which M.K. allegedly "attempted to have forced sexual contact with S.H." Dkt. # 442 at 4. Second, the

defense seeks to introduce evidence of M.K.'s relationship with H.A., another named victim, which may include evidence of the two "sexting" and exchanging explicit photographs.

As a threshold requirement for any evidence to be admitted at trial, that evidence must be relevant, Fed. R. Evid. 402, meaning it must tend to make a fact of consequence more or less probable than the fact would be without the evidence, Fed. R. Evid. 401. Even when evidence is relevant, the Court may exclude it if its probative value is substantially outweighed by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Additionally, in sex-offense cases like this case, the defense may not present evidence to prove that a victim engaged in other sexual behavior or to prove the victim had a sexual predisposition, except when that evidence is offered to prove consent or when excluding the evidence would violate the defendant's constitutional rights. Fed. R. Evid. 412.

Regarding the allegations about M.K. and S.H., the defense asserts that it is relevant to show bias on the part of government investigators and M.K. Dkt. # 449 at 5. Defendant apparently reasons that it shows M.K.'s bias because avoiding prosecution for the alleged misdeeds with S.H. motivated M.K. to cooperate with investigators, even though she cooperated with investigators before the allegations surfaced. Id. The Court finds little reason why this unsubstantiated allegation is relevant to a fact of consequence regarding M.K., and even were it relevant, it bears a significant risk of miring this criminal case in a side trial likely to mislead the jury and confuse the issues. See Fed. R. Evid. 403. It may, however, be relevant for the limited purpose of scrutinizing local authorities' investigation. For that reason, evidence of M.K.'s alleged relationship with S.H. will be excluded, except for the limited purpose of cross-examining relevant investigators about the nature of their investigation.

Regarding other evidence of M.K.'s relationship with H.A., online or otherwise, any unrelated explicit photographs she produced are irrelevant, risk confusion and prejudice, or are likely to be offered merely as evidence of M.K. or H.A.'s sexual predisposition. On the other hand, her activities during the period of Delay's alleged crimes may be relevant to show her state of mind during that time and may also be intrinsic to the crimes charged. Evidence of

M.K.'s relationship with H.A. will be excluded, except insofar as it is intrinsic to the crimes charged or relevant to her state of mind during the relevant period of time.

**C.     Testimony of S.R.**

The defense also moves to exclude testimony by S.R., who is not an alleged victim but interacted with Delay online. Because S.R. is not actually an alleged victim, the Court concludes that her testimony risks wasting time and presenting needlessly cumulative evidence out of proportion to its potential probative value. <u>See</u> Fed. R. Evid. 403. Her testimony will accordingly be excluded.

**D.     Delay's Sexual Encounters with H.N.**

Finally, the defense moves to exclude evidence of sexual encounters that Delay had with H.N., one of the indictment's named victims. In particular, the defense anticipates she may describe a sexual encounter with Delay that was forced and another that was consensual but violent. The defense argues the evidence's risk of undue prejudice substantially outweighs its probative value, <u>see</u> Fed. R. Evid. 403, and also seeks to exclude it as impermissible evidence of uncharged bad acts, <u>see</u> Fed. R. Evid. 404(b).

Rule 404(b) prohibits evidence of uncharged bad acts to prove a person's character and to show that on a particular occasion the person acted in accordance with that character, but the rule allows evidence of other acts for proper purposes, such as showing the person's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Furthermore, evidence of uncharged acts is admissible if it is intrinsic to a charged offense. <u>United States v. Anderson</u>, 741 F.3d 938, 949 (9th Cir. 2013).

Delay is charged with attempting to recruit H.N. into his commercial sex scheme through force, fraud, and coercion. His sexual encounters are evidence of his intent, preparation, and plan to execute that scheme. Insofar as he used his sexual encounters as part of his alleged manipulation of H.N., those encounters are also intrinsic to his charged offense. Any risk of undue prejudice, confusion, or delay does not substantially outweigh those encounters' probative value.

## E.  Victims' History of Prostitution

Finally, though not squarely addressed in Delay's filings, the government's motions also seek to exclude evidence that Delay's alleged victims engaged in prostitution prior to the events underlying his alleged crimes. Rule 412 bars evidence of a victim's past sexual behavior or evidence of a sexual predisposition, but this case's specific circumstances differ from those of a typical case involving prostitution. Delay's theory is that he was making a documentary about prostitutes, and that he did not actually coerce women with no history of prostitution. Whether his alleged victims were in fact prostitutes is therefore relevant to proving that theory. Given this particular theory, the Court will allow the defense limited leeway to introduce evidence of the fact that this was not a victim's first encounter with prostitution.

## III.  CONCLUSION

For the foregoing reasons, the Court disposes of the parties' pending motions as follows, subject to additional determinations the Court may make at trial.

The government's "Motion to Exclude Evidence of Victims' Other Sexual Behavior and Sexual Predisposition," Dkt. # 398; "Motion *In Limine* to Preclude Introduction of Irrelevant Information," Dkt. # 421; and "Motion to Exclude Unsubstantiated and Irrelevant Allegations of Sexual Misconduct," Dkt. # 431, are GRANTED in part and DENIED in part, consistent with this order.

Defendant's "Motion In Limine to Exclude Testimony from S.R.," Dkt. # 454, is GRANTED. "Defendant's FER 412 Motion," Dkt. # 442, is GRANTED in part and DENIED in part, consistent with this order. Defendant's "Motion In Limine to Exclude Testimony about Certain Sexual Conduct," Dkt. # 455, is DENIED.

To the extent there is additional disputed evidence not covered by this order, the Court reserves ruling on the admissibility of that evidence.

DATED this 26th day of October, 2017.


Robert S. Lasnik
United States District Judge