UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID D. DELAY,<br><br>Defendant. | Case No. CR15-175RSL<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION |

This matter comes before the Court on the government's motion to reconsider. Dkt. # 492. For the following reasons, the motion is DENIED.

Defendant David Delay is in trial on charges of child pornography and sex trafficking, including allegations he lured victims to work as prostitutes by lying that he was producing a documentary film. Delay's defense is that it was a genuine documentary on prostitution. The defense indicated it intended to offer evidence that some alleged victims previously engaged in prostitution, Dkt. # 442 at 5–6, which the government argued is barred by Federal Evidence Rule 412, Dkt. # 460. The Court ruled that alleged victims' past prostitution would be admissible for the limited purpose of allowing Delay to assert his "genuine documentary" theory. Dkt. ## 491, 502. The government then filed this motion to reconsider. Dkt. # 492.[1]

---

[1] The government's motion also seeks reconsideration regarding "evidence related to M.K.'s taking of nude self-photographs unrelated to the Defendant." Dkt. # 492. The Court ruled that wholly unrelated explicit material will be excluded, which is also reflected in the Court's recent order. Dkt. # 502 at 5.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

| | |
|---|---|
| 1 | Rule 412 prohibits the defense from offering evidence of a victim's past sexual behavior, but makes several exceptions, including to avoid "violat[ing] the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C). Rule 412 generally bars evidence of a sex-trafficking victim's past prostitution, *see, e.g.*, *United States v. Gemma*, 818 F.3d 23, 34 (1st Cir. 2016), but in this peculiar circumstance, defendant's theory is that he did not traffic the victims by force, fraud, or coercion because he was actually making a documentary about prostitutes. The rule makes an exception for protecting a defendant's constitutional rights, and "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). The defense's theory depends on at least referencing the victims' past prostitution, which is the basis for the Court allowing the defense limited leeway to introduce evidence of victims' past commercial sex acts. |

For the foregoing reasons, the motion for reconsideration, Dkt. # 492, is DENIED.

DATED this 27th day of October, 2017.

*[signature]*
Robert S. Lasnik
United States District Judge