UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>DAVID D. DELAY,<br><br>                Defendant. | Case No. CR15-175RSL<br><br>ORDER DENYING MOTION FOR ISSUANCE OF DOCUMENTS SUBPOENA |

This matter comes before the Court on defendant's "Motion for Issuance of Documents Subpoena." Dkt. # 504. For the reasons explained below, defendant's motion is DENIED.

Defendant David Delay is on trial for federal sex-trafficking and child-pornography charges, the evidence of which includes emails, text messages, and other digital communications. In particular, a Yahoo.com email address sent messages to an alleged victim and to Delay's codefendant that appear to have been authored by H.S., a second alleged victim. The government suggests Delay or his codefendant may have actually authored those messages. In the motion before the Court, Delay seeks a subpoena issued to Yahoo! Inc. commanding the company to "provide the IP address, content and metadata of emails, and user application information" associated with the address. Dkt. # 504 at 1.

Issuance of subpoenas in a criminal proceeding is governed by Federal Rule of Criminal Procedure 17. Rule 17(c)(1) provides for the issuance of a subpoena for production of documents, but "a Rule 17(c) subpoena is not intended to serve as a discovery tool." United

States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981). The burden is on the party seeking production to show the relevance, admissibility, and specificity of the items sought, see United States v. Reed, 726 F.2d 570, 577 (9th Cir. 1984), and conclusory allegations of relevance and admissibility are insufficient to meet the moving party's burden, United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981). To meet that burden, defendant must demonstrate that (1) the documents sought are evidentiary and relevant; (2) the documents are not otherwise procurable reasonably in advance of trial through due diligence; (3) defendant is unable to properly prepare for trial without such production and inspection prior to trial and the failure to obtain such inspection may tend to unreasonably delay the trial; and (4) the application is made in good faith and not as a "fishing expedition." United States v. Nixon, 418 U.S. 683, 699–700 (1974).

Defendant has not met his burden of making a specific showing that the records in his extensive request are relevant and admissible. He essentially seeks the entirety of existing information about the relevant email account. He claims the records may lead to the discovery of the address-holder's identity, and that they are relevant to his ability to challenge the veracity of H.S.'s testimony. Dkt. # 504-1 at 2. H.S. has already testified, and defendant had ample opportunity to cross-examine her. Furthermore, he makes no particularized showing of what additional relevant and admissible information is likely to be produced from this subpoena.

For the foregoing reasons, defendant's motion is DENIED.

DATED this 30th day of October, 2017.

*[signature]*
Robert S. Lasnik
United States District Judge