UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID D. DELAY,<br><br>Defendant. | Case No. CR15-175RSL<br><br>ORDER DENYING MOTION<br>FOR NEW TRIAL |

This matter comes before the Court on defendant's "Motion for a New Trial and/or to Arrest Judgment." Dkt. # 538. The Court has considered the parties' filings, exhibits, and memoranda. For the following reasons, the motion is DENIED.

In November 2017, following a two-week trial, a jury found defendant David D. Delay guilty on seventeen counts of sex trafficking, child pornography, and obstruction of the enforcement of federal sex-trafficking laws. Dkt. # 523. He brings the instant motion arguing that the timing and pace of discovery entitles him to a new trial, that his convictions for two related statutes were multiplicitous, and that his obstruction conviction is invalid.

First, Delay argues he is entitled to a new trial because "[t]he Government used the voluminous nature of the discovery to its advantage by trickling it out in batches in such a manner that the Defendant was placed at a disadvantage." Dkt. # 538 at 2. He also argues that the timing of trial deprived him of a speedy trial. Dkt. # 538 at 5.

1 | Delay alludes to deadlines in Local Criminal Rule 16(a)(2), but that rule explicitly
2 | provides that the Court may modify the timing of discovery if needed. See LCrR 16(g). Delay
3 | also acknowledges that the Rule's deadlines would have been unrealistic in this case. Otherwise,
4 | Delay cites no rule, statute, or precedent indicating the government's conduct during discovery
5 | violated a rule or discovery standard that would entitle him to a new trial. The Court finds Delay
6 | has not shown prejudice attributable to the government's mode of discovery disclosures, see
7 | United States v. Baker, 10 F.3d 1374, 1398 (9th Cir. 1993), or to the delay between indictment
8 | and trial, see Barker v. Wingo, 407 U.S. 514, 530 (1972); see also Dkt. # 434 at 2 . The Court
9 | accordingly finds that justice does not require a new trial. See Fed. R. Crim. P. 33(a).

Second, Delay argues his convictions for transporting persons to engage in prostitution, 18 U.S.C. § 2421, amount to lesser-included offenses of his convictions for coercing persons to travel and engage in prostitution, id. § 2422. Delay's transportation convictions (§ 2421) required additional proof beyond what the coercion convictions (§ 2422) required—namely, the transportation convictions were proved by testimony, travel details, and hotel records showing actual transportation of Delay's victims across state lines. The Court finds the transportation convictions do not amount to lesser-included offenses. See United States v. Jose, 425 F.3d 1237, 1241 (9th Cir. 2005).

Delay also argues the government did not prove the *mens rea* element of his obstruction charge under 18 U.S.C. § 1591(d), because the government failed to prove he knew of the investigation's federal nature or the details of his codefendant's cooperation in furtherance of the statute's enforcement against him. Delay does not invoke a sufficiency-of-the-evidence claim, but contrary to his assertions the government presented sufficient evidence for the jury to conclude he knowingly obstructed, or attempted to obstruct, enforcement efforts against him. See United States v. Hernandez-Quintania, 874 F.3d 1123, 1125 (9th Cir. 2017). He need not have known the nature or details of those enforcement efforts to violate the statute.

Finally, Delay argues the obstruction provision's application to him was unconstitutionally vague. The obstruction provision prohibits "obstruct[ing], attempt[ing] to obstruct, or in any way interfer[ing] with or prevent[ing] the enforcement of [the statute]." Id.

| | |
|---|---|
| 1 | The indictment charged that Delay sought to frustrate his codefendant's cooperation in the |
| 2 | government's enforcement of the statute against him, and the government presented evidence to |
| 3 | that effect. The Court finds that the obstruction provision gave Delay fair notice of the conduct it |
| 4 | proscribed, and its application was not unconstitutionally vague. <u>See</u> <u>United States v. Harris</u>, |
| 5 | 705 F.3d 929, 932 (9th Cir. 2013). |
| 6 | For the foregoing reasons, defendant's motion, Dkt. # 538, is DENIED. |
| 8 | DATED this 6th day of February, 2018. |

*[signature]*
Robert S. Lasnik
United States District Judge